UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRUCE CLELAND,

          Plaintiff,

v.

SV SPECIAL SITUATIONS FUND,
L.P., STAGG CAPITAL GROUP
LLC, KNIGHT LIBERTAS LLC, 3V
CAPITAL MANAGEMENT LLC, 3V
CAPITAL PARTNERS LP, 3V
CAPITOL ADVISORS LLC, GARY
KATCHER, SCOTT A. STAGG and
MARK FOCHT,

          Defendants.

**COMPLAINT**
**JURY TRIAL DEMANDED**

CIVIL ACTION NO._____

**NATURE OF THE ACTION**

1.     Plaintiff brings this action against Defendants herein for breach of contract and fraud in the sale of securities in violation of the Securities Act of 1933 and the Securities Exchange Act of 1934 in that the Explanatory Memorandum and its related Subscription Agreement and Restated and Amended Limited Partnership Agreement contained materially false and misleading statements and material omissions of fact and required Defendants to return to Plaintiff his capital account when requested and failed to do so when so requested.

2.     Plaintiff invested in the SV Special Situation Fund L.P., which was formerly 3V Capital Master Fund ( collectively,"SV"). At all relevant times, SV was owned and operated by Stagg Capital Group ("Group") and, previously 3V Capital Management LLC ("Management"), related entities that were and are operated by Gary Katcher, Scott A. Stagg and Mark Focht (collectively, the "Individual Defendants"). Knight Libertas LLC ("Libertas") was a brokerage firm

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

owned and operated by the Individual Defendants under the name "Libertas Partners" and, after being wrongfully funded by SV, was sold to Knight Capital Group by Defendant Stagg for $150 million. Libertas Partners operated as broker/dealer for SV.

3.     The Individual Defendants, Group and Management, failed to properly and appropriately operate SV, and Group and Management did not have sufficient checks on operations such that Defendant Focht was able to, among other things, embezzle, from May 2, 2006 through and including December 3, 2007 more than $3,000,000 from SV. In total, Focht diverted at least $12.3 million from SV for various purposes. Focht has subsequently pled guilty to two counts of grand larceny and sentenced to 2-1/2 to 7 years jail time. Additionally, Defendant Stagg misappropriated SV funds for his own purpose, including using cash and stock owned by SV for two "no-show" jobs to women due to "romantic relationships".

4.     Such misappropriations made the Explanatory Memorandum, Limited Partnership Agreement and Subscription Agreement materially false and misleading.

5.     Additionally, the Limited Partnership Agreement of SV stated that upon written request, an investor could redeem his capital account. On August 19, 2008, Plaintiff sought such redemption by formal, written demand. To date no response to the redemption demand has been had, and redemption has not been paid.

## JURISDICTION AND VENUE

6.     Plaintiff brings this action pursuant to Sections 12(2) and 15 of the Securities Act, 15 U.S.C. 771(2) and 770 and Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. 78j (b) and 78t(a) and Rule 10b-5 promulgated the sender, 17 C.F.R. § 240.10b-5. Venue is proper in this District as many of the material acts and injuries alleged herein occurred within the District of Connecticut.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

7.      In connection with the acts alleged herein, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of national banks and securities markets.

## PARTIES

8.      Plaintiff Bruce Cleland purchased or otherwise acquired interests in SV, received materially false and misleading offering documents and financial and other statements and was damaged thereby.  Additionally, his "Redemption Rights" in SV have been violated.

9.      Defendant SV was originally formed and operated under the name 3V Capital Master Fund L.P. in 2003 as a Delaware limited partnership.  The General Partner of SV was 3V Capital Advisors LLC.

10.     Defendant 3V Capital Advisors LLC ("Advisors") was the General Partner of SV and was owned and operated by Group and the Individual Defendants.

11.     Defendant 3V Capital Management LLC was the predecessor to Group and was owned and operated by the Individual Defendants.

12.     Defendant Knight Libertas LLC is the successor to Libertas Partners.  Libertas Partners was the broker for SV. Libertas, upon information and belief, received at least $8 million in illegal and improper transfers from SV in order to pay Libertas' expenses.

13.     Defendant Gary Katcher owned and operated Group and SV in conjunction with the other Individual Defendants and knew or recklessly disregarded and/or participated in the acts and allegations contained herein.

14.     Defendant Scott A. Stagg owned and operated Group and SV and knew or recklessly disregarded and/or participated in the acts contained herein.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

15.     Defendant Mark Focht was Chief Operating Officer of Group and Management operated SV and knew or recklessly disregarded and/or participated in the acts alleged herein.  Focht pled guilty to two counts of grand larceny in conjunction with some of the acts alleged.

## SUBSTANTIVE ALLEGATIONS

16.     On or about August 1, 2006, Plaintiff invested in SV.

17.     Pursuant to the Amended Restated Limited Partnership Agreement (the "Partnership Agreement"), 3V Capital Advisors LLC is the General Partner of SV.  The Partnership Agreement appointed Management as investment advisor for SV and Defendants Katcher and Stagg as managers.

18.     Pursuant to paragraph 3.1(b) of the Partnership Agreement, "each Manager shall have the power by himself, acting on behalf of and in the name of the Investment Advisor (Management) and/or the General Partner, as the case may be, to bind the General Partner, the Investment Advisor and the Partnership."

19.     Pursuant to the paragraph 6.1 of the Partnership Agreement:

(a)     Subject to the provisions of Section 1.7 hereof and the other provisions of this Section 6.1, any Limited Partner, without the consent of the General Partner, may withdraw the whole or any part of the amount in his Capital Account, as of the last business day of June or December of any fiscal Year, commencing with the first such date at least twelve (12) full months following the date of a Limited Partner's initial Capital Contribution (each, a "Semi-Annual Withdrawal Date").  The General partner, in its sole discretion, may consent to withdrawals as of other dates.  Any Limited Partner seeking a withdrawal pursuant to this Section 6.1 must give written notice to the General Partner at least forty-five (45) days prior to the date as of which the withdrawal is to be made, stating his intention to withdraw and the amount to be withdrawn.  Any such notice may be waived by the General Partner in its sole discretion.  No partial withdrawal request which is less than $100,000 or which would reduce a Limited Partner's Capital Account below the lesser of such Limited Partner's initial Capital Contribution or $1,000,000 (or such lesser amount as may be consented to by the General Partner) will be accepted by the general Partner unless waived in its sole discretion.  Upon

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

receipt of any partial withdrawal notice inconsistent with the foregoing, the General Partner may request such Limited Partner to reduce the amount of the requested withdrawal or withdraw all of his Capital Account.

20.     Pursuant to the Explanatory Memorandum dated July 12, 2007, the investment strategy of SV was as follows:

The investment objective of the Fund will be to achieve superior risk-adjusted total returns by investing and trading in event driven situations, primarily in instruments which are rated below investment grade or which are unrated, including, but not limited to, senior and subordinated debt, bank loans, trade claims and all other types of fixed-income obligations as well as investments in the securities of distressed companies. The Fund may also acquire equity securities related or unrelated to its debt positions, as part of hedging strategies or otherwise in furtherance of its strategy and invest in structured products and asset backed securities.

21.     Pursuant to Paragraph 1.5 of the Limited Partnership Agreement, the purpose of SV is to, among other things:

1.5     Objects and Purposes.  The primary objects and purposes of the Partnership are to:

(a) invest and trade, either directly or through one or more investment entities of which the Partnership is an equity owner (each, a "Master Fund"), on a long position or a short position, on margin or otherwise, in bonds, bills, notes, mortgages, loan participations, trade claims, collateralized mortgage obligations and other debt obligations of all kinds and rankings, secured or unsecured, whether or not current or performing; in structured securities and asset-backed securities; in shares of capital stock, subscriptions, investment company shares, exchange-traded funds, partnership interests, warrants, and other rights; in convertible an hybrid securities, depository receipts, indices and interests in indices, rights, put options, call options and other rights and options to acquire or sell securities, whether covered or uncovered; in swap agreements, repurchase agreements, strips, straps, caps, floors and other derivative instruments of all kinds, of issuers or counterparties in the United States or worldwide, whether or not such instruments are traded in recognized securities markets (all of the foregoing being called herein "Securities"); in currencies, currency forward and future contracts and options thereon and in other spot, futures and forward contracts of all kinds and options thereon and other interests therein; in commodities and other securities and instruments of all kinds and in other securities and instruments of all kinds which the General

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

-5-

Partner in its discretion shall determine to be in furtherance of Partnership purposes, in each case whether issued or traded in the United States or throughout the world, on established markets or otherwise (all such items, including Securities, being called herein "Investments");

(b) invest and trade in limited partnership interests, interests created pursuant to investment advisory agreements and other interests offered by private investment partnerships or other investment vehicles or by the managers (that may or may not be affiliates of the General Partner) of such partnerships or other vehicles (all of the foregoing being referred to herein collectively as "Funds");

(c) engage in such other lawful transactions in Securities or other Investments as the General Partner may from time to time determine;

(d) possess, transfer or otherwise deal in, and to exercise all rights, powers privileges and other incidents of ownership or possession with respect to, Securities, Investments and other property and funds held or owned by the Partnership with the objectives of the preservation, protection, improvement or enhancement in value thereof.

22.     Neither the Explanatory Memorandum nor the Partnership Agreement disclosed that Defendants would use SV's capital for their own purposes rather than described investment purposes.

23.     In point of fact, and as was not disclosed to Plaintiff, the funds invested by Plaintiff, and other investors was, in fact, not used for such purposes.

24.     Indeed, Focht, the Chief Operating Officer of Management, has pled guilty to grand larceny for misappropriation of funds from SV and is currently serving a jail sentence of 2-1/2 to 7 years for same.

25.     Defendant Focht was the Chief Operating Officer of Management, was also an employee of Libertas, and was given substantial freedom in operating SV, Group, Management and Advisors.

26.     In February 2007, Focht transferred $3 million from SV to Libertas to fund, among

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

other things, Libertas' February 2007 payroll.  Such transfer was improper and wrongful and not for payment of any services provided.

27.     Subsequently, Focht transferred an additional $5 million to Libertas for similar purposes.  Focht also transferred $40,000 to his own accounts from SV's account.  These transfers were for no proper business purposes, wrongful and not for payment of any services provided.

28.     In order to disguise the wrongful payments, Focht booked fictitious securities transactions on the books and records of SV.

29.     In addition, upon information and belief, Defendant Stagg transferred $350,000 in Smart SMS stock owned by SV and cash to two "no-show" employees allegedly due to "romantic relationships", according to Forbes Magazine in an article dated October 5, 2009.

30.     Moreover, contrary to the requirements of the Partnership Agreement, upon information and belief, SV has not provided audited financial statements since fiscal year 2006.  Plaintiff has also not received a statement of his Capital Account since July, 2008.

31.     On August 19, 2008, Plaintiff sought to withdraw his Capital Account through his "Redemption Rights" pursuant to the terms of the Partnership Agreement.  He has not received such withdrawal, or even a denial of same.

32.     At about the same time, Stagg sold Libertas to Knight Capital Group for up to $150 million.

## SCIENTER ALLEGATIONS

33.     As alleged herein, the SV, Management, Advisors, Group and the Individual Defendants acted with scienter in that they knowingly and recklessly engaged in acts and practices and a course of conduct which were not in accordance with the representations made in the Explanatory Memorandum, the Partnership Agreement and the Subscription Agreement.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

Specifically, the SV and the Individual Group, Advisors, and Management Defendants knowingly or recklessly used funds invested by Plaintiff and other investors for purposes other than those described in the Explanatory Memorandum, Partnership and Subscription Agreements and did not disclose such misappropriation. Indeed, they embezzled such funds and used them for their own purposes.

34.     Defendant Libertas, owned and operated by the Individual Defendants, knowingly or recklessly engaged in acts and practices and a course of conduct which constituted fraud and misappropriation and theft of assets it was not entitled to. Specifically, it wrongfully and knowingly or recklessly accepted millions of dollars from SV and unlawfully used such funds for its own purposes and benefit. Libertas, as broker to SV, had a duty to disclose and did not disclose such misappropriation.

35.     As drafters of the Explanatory Memorandum, the Partnership Agreement and the Subscription Agreement, and offerors of interests in SV, Advisors, Management, the Individual Defendants and Group knew the investment plan and structure of SV and knew that such plan did not include the use of SV's assets for their own purposes, or for the payment of expenses for Libertas. Accordingly, SV, Management, Group, Advisors,  and the Individual Defendants knew or recklessly disregarded that they were using SV's funds not in accordance with its proper and appropriate business purposes and not in accordance with the offering documents, and failed to disclose same. Indeed, they actively sought to avoid disclosure in failing to provide audited financial statements or Capital Account statements in accordance with the Partnership Agreement and the disclosures in the offering documents. Such conduct made it less likely that Plaintiff and other investors would seek to withdraw their funds in accordance with the terms of the Partnership

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

Agreement or be made aware of the materially false and misleading statements contained in the offering documents or failure to disclose the misappropriation and wrongful use of SV's funds.

36.     In doing so, the Individual Defendants and management were able to wrongfully enrich themselves and entities owned or controlled by them, such as Libertas.  As to Libertas, the wrongful transfers enabled Defendant Stagg to maintain its existence long enough to sell Libertas for more than $150 million by sustaining its operations when it lacked operating funds.

### FIRST  CLAIM

### (FOR VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5THEREUNDER AGAINST SV, MANAGEMENT, ADVISORS, GROUP AND THE INDIVIDUAL DEFENDANTS)

37.     Plaintiffs repeat and reallege the allegations set forth above as though fully set forth herein at length.

38.     This Claim is brought pursuant to Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, on behalf of Plaintiffs against SV, Management, Advisors, Group and the Individual Defendants.

39.     SV, Management, Advisors ,Group and the Individual Defendants carried out a plan, scheme and course of conduct which was intended to and, did: (a) deceive the Plaintiff by means of material misstatements and omissions, as alleged herein; and (b) induce Plaintiff to purchase or otherwise acquire interests in SV and diverted the funds for such purchase.  In furtherance of this unlawful scheme, plan and course of conduct, the SV, Management, Advisors, Group and the Individual Defendants failed to provide full and fair disclosure of the acts described herein, violated the terms of the Partnership Agreement and the disclosures in the Explanatory Memorandum in failing to provide yearly audited financial reports, timely Capital Account reports and/or allow Plaintiff to redeem his Capital Account under the terms of the Partnership Agreement and

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

-9-

Explanatory Memorandum.  Defendants omitted to disclose the acts alleged herein and the Explanatory Memorandum was materially false and misleading in omitting to disclose the possibility of the acts described herein and was materially false in stating that Defendants would invest Plaintiff's funds in the investments described in the Explanatory Memorandum, the Defendants would allow redemption, provide yearly audited financial reports and timely and regular Capital Account reports  when that was not so.  Moreover, the audited financial statements and Capital Account reports Defendants did provide were materially false and misleading in omitting to disclose the material wrongful transfers of assets alleged herein.

40.    SV, Management, Advisors, Group and the Individual Defendants employed devices, schemes, and artifices to defraud and/or engaged in acts, practices and a course of business which operated as a fraud and deceit upon the Plaintiff in an effort to induce Plaintiff's investment in SV in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  SV, Management, Advisors and the Individual Defendants are sued as primary participants in the unlawful conduct charged herein.

41.    SV, Management, Advisors, Group and the Individual Defendants, individually and in concert, directly and indirectly, by the use of means of instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal their unlawful practices and course of business which operated as a fraud and deceit upon Plaintiff.

42.    SV, Management, Advisors, Group and the Individual Defendants had actual knowledge of or recklessly disregarded the existence of the embezzlement alleged and the manipulations alleged herein.

43.    By virtue of the foregoing, SV, Management, Advisors, Group and the Individual Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

44.     As a result of the manipulative conduct set forth herein, Plaintiff purchased or otherwise acquired interests in SV at artificially inflated prices and was damaged thereby.

### SECOND CLAIM

### (FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT AGAINST THE INDIVIDUAL DEFENDANTS BASED UPON MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS OF MATERIAL FACTS)

45.     Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein at length.

46.     The Individual Defendants acted as controlling persons of SV, Group, Advisors and Management within the meaning of Section 20(a) of the Exchange Act as alleged herein and culpably participated in the wrongdoing.  By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Issuer's operations and/or intimate knowledge of the operations of SV, Group, Advisors and Management, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of SV, Group, Advisors and Management, including the content and dissemination of the various documents that contain the materially false and misleading statements and/or omissions complained of herein.  The Individual Defendants were provided with or had unlimited access to copies of these documents prior to or shortly after they were disseminated to the public and had the ability to prevent their dissemination or cause the documents to be corrected.

47.     Each of these Individual Defendants had direct and supervisory involvement in the day-to-day operations of Management, Group. Advisors and SV and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations herein, and exercise the same.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

48.     By virtue of their positions as controlling persons of the Issuer, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of this wrongful conduct, Plaintiffs were damaged thereby.

### THIRD CLAIM

### (BREACH OF CONTRACT AGAINST SV, GROUP, ADVISORS, AND MANAGEMENT)

49.     Plaintiff repeats and realleges the allegations set forth above as if set forth herein.

50.     In purchasing the interests of SV, Plaintiff and SV agreed to the terms and conditions of the Partnership Agreement.

51.     Pursuant to those terms, on ninety days notice, Plaintiff is entitled to redemption of his investment unless: "(i) one or more U.S. or foreign stock exchanges or other markets on which a significant amount of any Master Fund's investments are listed or quoted and which constitute the primary markets for such investments, are closed for any reason other than that of an ordinary holiday, or transactions at these exchanges are restricted or suspended; (ii) the existence of a war, natural catastrophe or any like state of affairs which constitutes an emergency as a result of which disposal of securities by the Partnership is not possible in an orderly manner; (iii) any means of communications necessary to determine the price or value of any of any Master Fund's investments do not function; (iv) the transfer of funds involved in the realization or acquisition of any investments is, in the judgment of the General Partner, not possible at normal rates of exchange; (v) in the event of a passing of a resolution to wind up the Partnership or of the filing of a petition to wind up the Partnership; (vi) the redemption or withdrawal of funds from any Master Fund is materially restricted, impaired or delayed, including, without limitation, by reason of any of the

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

foregoing or the applicable requirements of any regulatory authority; or (vii) the requested withdrawal would result in a violation of any provision of law."

52.     None of the exceptions listed in Paragraph 51 are or were in existence.

53.     On August 19, 2008, pursuant to the terms of the Partnership Agreement, Plaintiff sought redemption.

54.     In addition, the Partnership Agreement requires SV to provide yearly audited financial statements and periodic Capital Account reports which were not provided to Plaintiff.

55.     SV, Group Advisors and Management breached its agreement with Plaintiff in failing to redeem.

### FOURTH CLAIM

### (AGAINST LIBERTAS FOR UNJUST ENRICHMENT)

56.     Plaintiff repeats and realleges the allegations set forth above as if set forth herein.

57.     Defendant Libertas knowingly and wrongfully accepted improper payments from SV in the amount of at least $8 million.

58.     Such funds properly belonged to SV and wrongfully diminished SV's worth and Plaintiff's Capital Account.

59.     Defendant Libertas is therefore unjustly enriched in the amount of at least $8 million.

### FIFTH  CLAIM

### (AGAINST THE INDIVIDUAL DEFENDANTS FOR BREACH OF FIDUCIARY DUTY)

60.     Plaintiff repeats and realleges the allegations set forth above as if set forth herein.

61.     As managers of SV, the Individual Defendants were fiduciaries to Plaintiff with respect to his investment in SV.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

62.     As such, the Individual Defendants owed to Plaintiff a duty of utmost good faith and fair dealing.

63.     In misappropriating the assets of SV, and Plaintiff, for their own use or use of an entity controlled by them, the Individual Defendants breached that duty.

64.     Further, in failing to disclose such breach of duty, Defendants further breached their duties to Plaintiff.

## SIXTH CLAIM

### (AGAINST SV, GROUP, THE INDIVIDUAL DEFENDANTS, ADVISORS, AND MANAGEMENT FOR NEGLIGENCE)

65.     Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein at length.

66.     SV, Group, Advisors, Management and the Individual Defendants owed Plaintiff a duty to invest Plaintiff's investment in accordance with the disclosures in the Explanatory Memorandum and to use due care in doing so.

67.     As set forth herein, SV, Group, Advisors, Management and the Individual Defendants negligently or recklessly failed to do so and, in fact, used Plaintiff's investment for their own purposes.

68.     As a direct and proximate cause of the acts of SV, Group, Advisors, management and the Individual Defendants, Plaintiff was not able to redeem his Capital Account and his investment in SV was materially diminished by the wrongful transfers of funds from SV described herein. Plaintiff has been injured as a direct and proximate cause of the acts described herein.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

**WHEREFORE,** Plaintiff seeks judgment against the Defendants herein,

(a)    for losses due to the acts alleged in the First Claim;

(b)    for losses due to the acts alleged in the Second Claim;

(c)    for losses due to the acts alleged in the Third Claim;

(d)    for losses due to the acts alleged in the Fourth Claim;

(e)    for losses due to the acts alleged in the Fifth Claim;

(f)    for losses due to the acts alleged in the Sixth Claim; and,

Such other and further relief that this court deems just, equitable and proper.

STARK & STARK, PC

By:_____

JOHN E. MACDONALD
993 Lenox Drive, Bldg. 2
P.O. Box 5315
Princeton, New Jersey  08543-5315
Attorneys for the Plaintiff
(609) 895-7292 (Phone)
(609) 895-7395 (Fax)
jmacdonald@stark-stark.com

Dated:  December 30, 2009

### JURY DEMAND

Plaintiff, Bruce Cleland, hereby demands a trial by jury on all issues.

STARK & STARK, PC

By:_____

JOHN MACDONALD

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

Dated:  December 30, 2009

-15-