UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| BRUCE CLELAND, | : |
| | : |
| Plaintiff, | : Case No. 3:09-cv-2146 (SRU) |
| | : |
| v. | : |
| | : |
| SV SPECIAL SITUATIONS FUND, L.P. | : |
| STAGG CAPITAL GROUP LLC, KNIGHT | : |
| LIBERTAS LLC, 3V CAPITAL MANAGEMENT | : |
| LLC, 3V CAPITAL PARTNERS LP, 3V CAPITAL | : |
| ADVISORS LLC, GARY KATCHER, SCOTT A. | : JULY 29, 2010 |
| STAGG, and MARK FOCHT | : |
| | : |
| Defendants. | : |

---

### REPLY MEMORANDUM OF LAW IN FURTHER
### SUPPORT OF DEFENDANTS KNIGHT LIBERTAS LLC
### AND GARY KATCHER'S MOTION TO DISMISS THE COMPLAINT

Plaintiff's brief in opposition to Defendants Knight Libertas LLC and Gary Katcher's (collectively, the "Katcher Defendants") motion to dismiss confirms that the numerous and dispositive flaws in the Complaint require the claims against the Katcher Defendants to be dismissed. The opposition brief all but ignores the Complaint's pleading deficiencies. Instead, the opposition brief makes conclusory and unsupported assertions about the Complaint's allegations against the Katcher Defendants, none of which saves those claims. As explained in the Katcher Defendants' opening memorandum, at least three separate pleading failures require dismissal of the claims against the Katcher Defendants.

*First*, the Complaint's allegations are vague, unspecific and confused, making it impossible to discern exactly what plaintiff is alleging and against whom. While the Complaint purportedly seeks damages related to plaintiff's investment in SV Special Situations Fund LP and that

fund's refusal to redeem plaintiff's investment, neither Gary Katcher ("Katcher") nor Knight Libertas LLC ("Libertas") owned, operated, invested in or was employed by any SV fund or related entity. Improper group allegations attempting to lump Katcher and Libertas with the SV Defendants neither state a valid claim against the Katcher Defendants nor satisfy the heightened pleading requirements necessary to state a securities fraud claim against Katcher.

*Second*, the Complaint fails to assert that the alleged embezzlements from 3V Capital Master Fund Ltd ("3V Capital Master Fund") by Mark Focht (which purportedly are the basis for claims against Katcher and Libertas) damaged plaintiff. The Complaint does not, for example, allege that, as a result of Focht's actions, plaintiff's capital account in 3V Capital Partners LP ("3V Capital Partners") was redeemed at anything less than full value in September 2007.

*Third*, even if plaintiff had alleged indirect damages from Focht's actions, plaintiff, an investor in a feeder fund that invested in 3V Capital Master Fund, lacks standing to assert claims in his own right for damages allegedly suffered directly by 3V Capital Master Fund. Actions to redress direct alleged injuries to corporate entities cannot be maintained by an individual investor whose claim is derivative of the corporate entity's alleged injury, and plaintiff's lack of standing deprives the court of subject matter jurisdiction. In addition, the Complaint's failure to plead a federal claim permits the court to decline to exercise supplemental jurisdiction over the remaining common law claims. The brief in opposition provides no basis to disregard these dispositive flaws. Accordingly, all the claims against the Katcher Defendants should be dismissed.

## ARGUMENT

## POINT I

### The Complaint Fails To State A Claim Against Gary Katcher or Knight Libertas LLC

**A.  The Complaint's Vague And Unspecific Pleadings Are Insufficient To State   Any Claim Against Libertas and Katcher**

Plaintiff's opposition all but ignores the Complaint's fundamental flaw—that the allegations in the Complaint are impermissibly vague, unspecific and confused, and thus cannot state any actionable claim.  As explained in the opening memorandum (Def. Mem. 7-8),[1] the Complaint improperly and inaccurately attempts to lump Katcher and Libertas with separate and unrelated defendants, blurs important legal distinctions between separately operated and owned hedge funds, lacks any specificity about when plaintiff invested in the separate hedge funds, and fails to identify with any specificity the supposedly misleading documents, when they were disseminated, or by which entity.  Without these basic and necessary allegations, the Complaint is fundamentally flawed and must be dismissed.[2]

Nor does plaintiff respond to the opening memorandum's showing that the Complaint asserts no damages related to the claims against the Katcher Defendants.  Nowhere does plaintiff allege that his limited partnership interest in 3V Capital Partners was redeemed at anything less than full value in September 2007.  Rather, plaintiff's opposition memorandum confirms that plaintiff's only asserted damages result solely from the lack of "response [by SV] to his withdrawal requests" and his

---

[1]   Citations to the Katcher Defendants opening memorandum are in the form "Def. Mem. __."  Citations to plaintiff's opposition memorandum are in the form "Opp. Mem. __."

[2]   Although plaintiff's opposition memorandum falls far short of curing the Complaint's numerous deficiencies, to the extent plaintiff relies on additional details or clarifications in his memorandum to supplement the Complaint, those efforts must be rejected.  *See Wylie v. City of New Haven*, No. 3:02cv313(PCD), 2003 WL 23498386, at *2 (D. Conn. Feb. 27, 2003) (rejecting plaintiff's attempt to add detail to complaint through memoranda in opposition to motion to dismiss because "[m]emoranda filed in opposition to motions to dismiss are not opportunities to supplement the allegations in the complaint"); *Ludtke v. United States*, 84 F. Supp. 2d 294, 302 n.3 (D. Conn. 1999) ("[A] complaint cannot be cured by a memorandum of law in opposition to a motion to dismiss.").

"inability to withdraw from the [SV feeder fund] when he followed the procedures to do so." (Opp. Mem. 7.) As the Katcher Defendants explained in their opening memorandum, however, neither Katcher nor Libertas owned, operated, or was employed by an SV fund or related entity. (Def. Mem. 5, n.4, 7, n. 5.) Accordingly, allegations related to plaintiff's investment in the SV funds have nothing to do with the Katcher Defendants and cannot support claims against them.

### B. The Complaint Fails To State A Securities Fraud Claim Against Katcher[3]

The Katcher Defendants' opening memorandum demonstrated that the Complaint fails to satisfy the heightened pleading requirements for a securities fraud claim. (Def. Mem. 12-18.) Plaintiff responds by misstating the pleading standards the Complaint must—as a matter of law—satisfy to plead a securities fraud claim, arguing that the heightened pleading standards codified by the Private Securities Litigation Reform Act of 1995 ("PSLRA") do not apply because this is not a class action. (Opp. Mem. 4.)[4] Simply put, that contention is wrong. The PSLRA's pleading standards apply to all securities fraud actions arising under the Securities Exchange Act of 1934, including non-class action securities fraud claims. *See* 15 U.S.C. § 78u-4(b) (setting forth pleading standards for "any private action arising under chapter," *i.e.* the Securities Exchange Act of 1934); *Klein v. Autek Corp.*, 147 Fed. Appx. 270, 273-74 (3d Cir. 2005) (rejecting contention that the "rigorous pleading requirements of the PSLRA should be relaxed in this case to the extent that no class action lawsuit is

---

[3]   The Complaint asserts a securities fraud claim under Section 10(b), a control person claim under Section 20(a), a breach of fiduciary duty claim, and negligence claim against Katcher. The Complaint asserts only an unjust enrichment claim against Libertas.

[4]   Instead, plaintiff suggests that notice pleading is all that is required to plead a securities fraud claim. (*See* Opp. Mem. 5.) To support this remarkable notion, plaintiff cites to *Harris v. Wells*, 757 F. Supp. 171 (D. Conn. 1991). Not only does *Harris* pre-date the PSLRA, it does not address pleading standards for a federal securities fraud claim. In fact, the opinion only addresses a motion to dismiss a RICO claim. In any event, as described above, the allegations in the Complaint in this action fail to satisfy even the most basic of pleading standards because the Complaint, for instance, does not identify with any precision the documents that are supposedly misleading.

DOC ID-11243892.4

1582345v1

involved" because the statute "plainly states that it applies to *any* private action") (emphasis in original).[5]

The Complaint utterly fails to satisfy the PSLRA's heightened pleading standards for a claim against Katcher. Nowhere, for example, does the Complaint allege with particularity that Katcher made any misstatement or omission. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 175 (2d Cir. 1998) ("[A] defendant must actually make a false or misleading statement in order to be held liable under Section 10(b)."). Plaintiff contends that the Complaint alleges that parts of certain unspecified offering documents were misleading because they did not disclose alleged embezzlements by Focht. But the Complaint does not allege facts sufficient to identify the documents that are alleged to be misleading, who drafted such documents, or from whom and when the alleged documents were disseminated, much less any particularized allegations that Katcher had anything to do with the documents or the embezzlements. Such basic allegations are necessary to state a securities fraud claim. *See, e.g., Klein v. Autek Corp.*, 147 Fed. Appx. 270, 274, 276 (3d Cir. 2005) (noting that "relying on documents which are undated, unquoted, undescribed, and unattached falls well short of the rigorous pleading burden on a plaintiff in a securities fraud action") (internal citations omitted).[6]

Similarly, the Complaint also fails to satisfy the PSLRA's scienter pleading requirements, *i.e.* allege particularized facts and circumstances that would support the required strong inference that Katcher had a fraudulent intent or knew of specific facts contrary to any public statement he allegedly made. As explained in the opening brief, the Complaint's conclusory scienter and group

---

[5]   *See, e.g.*, *South Cherry Street, LLC v. Hennessee Group LLC*, 573 F.3d 98 (2d Cir. 2009) (applying PSLRA pleading standards to non-class action securities fraud action and affirming dismissal for failure to satisfy pleading standards); *ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) (same).

[6]   Nor does the Complaint allege when plaintiff reviewed these documents or specify when plaintiff invested in the separate hedge fund entities. Without these allegations, the Complaint fails to allege reliance, transaction causation, and loss causation, each of which is a necessary element of plaintiff's securities fraud claim. Significantly, the same heightened requirement of particularity is made applicable by Fed. R. Civ. P. 9, which requires that all fraud claims be pleaded with special particularity.

DOC ID-11243892.4

pleading allegations are insufficient to satisfy this burden. (Def. Mem. 17-18.)[7] In opposition, plaintiff only asserts that "he has pleaded…that defendants acted with scienter." (Opp. Mem. 5.) Of course, nothing in the Complaint supports this conclusory assertion (or alleges facts to raise the requisite strong inference that would outweigh the plausible and compelling inference that Katcher did not act with scienter). Accordingly, plaintiff's securities fraud claim should be dismissed for failure to plead scienter.

### C. The Complaint Fails To State A Claim Under Section 20(a) Against Katcher

The Katcher Defendants further demonstrated in their opening memorandum that plaintiff's control person claim against Katcher under Section 20(a) failed because the Complaint does not allege a viable predicate primary violation of Section 10(b). (Def. Mem. 19.) Indeed, as described above, the vague and unspecific allegations in the Complaint are insufficient to state any claim, and as described in the SV Defendants' May 24, 2010 memorandum of law in support of motion to dismiss, the Complaint fails to allege a primary violation by any entity Katcher allegedly controlled. Lacking sufficient allegations of a primary violation, the Complaint's control person claim against Katcher must be dismissed. *See, e.g., Pacific Inv. Mgmt. Co. LLC v. Mayer Brown LLP*, 603 F.3d 144, 160 (2d Cir. 2010) (affirming dismissal of plaintiff's 20(a) claim since plaintiff had not stated a claim under 10(b)); *Collier v. Aksys Ltd.*, No. 3:04CV1232(MRK), 2005 WL 1949868, at *17 (D. Conn. Aug. 15, 2005) (dismissing 20(a) claim because plaintiff could not plead primary violation under Section 10(b) and Rule 10b-5 of the Exchange Act).

---

[7]   *See also Coyne v. General Electric Co.*, No. 08cv1135 (SRU), 2010 WL 2836730, at *10 (D. Conn. July 15, 2010) (Underhill, J.) (noting that the group pleading doctrine likely has not survived the PSLRA because it conflicts with the requirements to plead scienter and plead with particularity).

Plaintiff also erroneously argues that the Complaint alleges Katcher had "control" over a primary violator.[8] To support this proposition, plaintiff cites a lone allegation that "[t]he Partnership Agreement appointed [3V] Management as investment advisor for SV and Defendants Katcher and Stagg as manager." (Opp. Mem. 8, citing Exhibit A, ¶ 17).[9] This vague allegation that Katcher (along with Stagg) was appointed as a manager of one entity by an undefined agreement—as with all "status" allegations—fails to satisfy plaintiff's burden to plead that Katcher was a control person over a primary violator. *Cohen v. Citibank*, N.A., 954 F. Supp. 621, 629 (S.D.N.Y. 1996) (noting that a bare allegation about a person's status is insufficient to allege control).

Moreover, although Plaintiff acknowledges (Opp. Mem. 7) that culpable participation is also a necessary element of any control person claim, he cannot cite to a single allegation that Katcher was a culpable participant in the alleged fraudulent scheme. To the contrary, the Complaint, as confirmed by Focht's guilty plea (which is attached to plaintiff's opposition memorandum), alleges that Focht alone embezzled money from 3V Capital Master Fund. Accordingly, the control person claim against Katcher also fails for this reason.

## POINT II

### Plaintiff Lacks Standing To Assert Derivative Claims On Behalf Of 3V Capital Master Fund

In their moving memorandum, the Katcher Defendants explained that plaintiff, an investor in a feeder fund for 3V Capital Master Fund, lacks standing to assert in his individual capacity claims for damages suffered by 3V Capital Master Fund from alleged embezzlements by Focht. (Def.

---

[8] Contrary to the allegations in the Complaint, plaintiff suggests in his opposition memorandum that Katcher's purported control over Libertas may be a basis for Katcher to be liable under section 20(a). However, Libertas is not alleged to be a primary violator (*see, e.g.*, ¶ 46), and, as described above, plaintiff cannot cure pleading deficiencies in a motion to dismiss memorandum.

[9] Plaintiff's Opposition Memorandum also cites to ¶ 32 of the Complaint, which does not mention Katcher. In its entirety, ¶ 32 alleges that "[a]t about the same time, Stagg sold Libertas to Knight Capital Group for up to $150 million."

DOC ID-11243892.4

Mem. 9-11.) Precedent cited by the Katcher Defendants establishes that claims to redress injuries to corporate entities are derivative in nature and must be brought in the name of 3V Capital Master Fund. *See Ernst & Young Ltd. v. Quinn*, No. 09-cv-1164 (JCH), 2009 WL 3571573, at *5-9 (D. Conn. Oct. 26, 2009) (determining that claims asserted to seek recovery for injuries sustained on account of having an investment in a fund that diminishes in value are derivative); *Chien v. Skystar Bio Pharm Co.*, 623 F. Supp. 2d 255, 261-63 (D. Conn. 2009) (dismissing breach of fiduciary duty claim seeking damages for loss of value of stock caused by alleged improper issuance of stock because claim was derivative in nature); *Halo Tech Holdings, Inc. v. Cooper*, No. 07-CV-489 (AHN), 2008 U.S. Dist. LEXIS 66956, at *12-14 (D. Conn. Aug. 29, 2008) (dismissing direct claims alleging that defendants' self-dealing and diversion of assets caused a decrease in a corporation's revenue and, therefore, the value of plaintiff's shares, because the claims were derivative in nature). And, in fact, 3V Capital Master Fund has already asserted claims for the exact damages in a separate action pending in this court.[10] *See Rothstein v. Seidman & Seidman*, 410 F. Supp. 244, 250 (S.D.N.Y. 1976) (limited partners lacked standing to sue limited partnership's accounting firm for failing to disclose fraud allegedly perpetrated on limited partnership by its managing partners because limited partnership's liquidator was already suing firm on same charges).

    Plaintiff fails to address—much less refute—the precedent cited by the Katcher Defendants. Nor does plaintiff dispute that 3V Capital Master Fund has already asserted those very claims in a separate action pending in this court. Instead, plaintiff only asserts that he "is not bringing this action derivatively." (Opp. Mem. at 2.) This misses the point. No matter how he characterizes

---

[10] The federal action is captioned *SV Special Situations Master Fund, Ltd v. Knight Libertas LLC, et al.*, No. 3:08cv1769-SRU. SV Special Situations Master Fund, Ltd ("SV Master Fund") was substituted for 3V Capital Master Fund as plaintiff on March 5, 2010, nearly 17 months after the initial complaint was filed. Defendants in that action have denied any wrongdoing and continue to evaluate whether SV Master Fund, a separate hedge fund entity, has any legal right to assert claims initially posited by 3V Capital Master Fund.

DOC ID-11243892.4

1582345v1

this action or his claims, plaintiff cannot assert claims that are derivative in nature for damages allegedly suffered by 3V Capital Master Fund. *See Ernst & Young Ltd. v. Quinn*, 2009 WL 3571573, at *6, 8 ("A plaintiff's decision to classify its claims as direct as opposed to derivative does not bind the court."; holding that "[e]ven though [plaintiffs] classify their state court claims as direct, they are clearly derivative"). Accordingly, plaintiff lacks standing to assert claims in his individual capacity and the claims against the Katcher Defendants should be dismissed.

## POINT III

### The Common Law Claims Against The Katcher Defendants Should Be Dismissed Because Plaintiff Has Not Alleged A Federal Securities Claim

Katcher Defendants' opening memorandum also demonstrated that the court may decline to exercise supplemental jurisdiction over plaintiff's common law claims once the federal securities claims are dismissed. Plaintiff fails either to refute this point or provide any independent basis for exercising jurisdiction over these claims. Accordingly, because the Complaint fails to allege any federal claims, the common law claims against the Katcher Defendants should also be dismissed.[11]

## CONCLUSION

Plaintiff's opposition memorandum cannot save the claims against the Katcher Defendants from dismissal. The Complaint's vague and unspecific allegations are insufficient to state claims against the Katcher Defendants, nor does the Complaint allege any damages related to Focht's embezzlements against the Katcher Defendants. Similarly, the Complaint lacks any particularized allegations of scienter or a misstatement or omission attributable to Katcher, and fails to satisfy the

---

[11] The common law claims should be dismissed for the additional reason that the Complaint fails to plead the required elements. For example, assuming Connecticut law applies, to state a claim for unjust enrichment against Libertas, plaintiff must allege (1) the defendant benefited, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiff's detriment. *Lawrence v. Richman Group Capital Corp.*, No. 303CV850JBA, 304CV166JBA, 2005 WL 3448056, at *2 (D. Conn. Dec. 15, 2005). Plaintiff cannot plead that he conferred any direct benefit on Libertas for which he would equitably be owed payment or, as described above, any detriment to plaintiff's investment in 3V Capital Partners from the alleged embezzlements from 3V Capital Master Fund by Focht.

heightened pleading standards of the PSLRA. Because the Complaint fails to state a federal claim, the court may—and should—decline to exercise supplemental jurisdiction over plaintiff's common law claims and, in any event, plaintiff lacks standing to assert derivative claims for damages allegedly suffered by 3V Capital Master Fund. For all these reasons, the Complaint should be dismissed.

Respectfully Submitted,

DEFENDANTS KNIGHT LIBERTAS LLC
and GARY KATCHER

By  /s/ Eric Lubochinski
    Frederick S. Gold
    Fed. Bar. No. ct 03560
    Eric Lubochinski
    Fed. Bar No. ct 25842
    Shipman & Goodwin LLP
    300 Atlantic Street, Third Floor
    Stamford, Connecticut 06901
    Telephone: (203) 324-8100
    Facsimile: (203) 324-8199
    E-mail: fgold@goodwin.com
    E-mail: elubochinski@goodwin.com

    - AND -

    Howard Schiffman (phv03720)
    Admitted pro hac vice
    Schulte Roth & Zabel LLP
    1152 Fifteenth Street, NW, Suite 850
    Telephone:  (202) 729-7470
    Facsimile:  (202) 730-4520
    E-mail:  howard.schiffman@srz.com

    Their Attorneys

<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on July 29, 2010 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

        /s/Eric Lubochinski_____
        Eric Lubochinski