```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------X
BRUCE CLELAND,
                                                                    Case No. 3:09-cv-2146
                        Plaintiff,

        -against-


SV SPECIAL SITUATIONS FUND, L.P.
STAGG CAPITAL GROUP LLC, KNIGHT
LIBERTAS LLC, 3V CAPITAL
MANAGEMENT LLC, 3V CAPITAL
PARTNERS LP, 3V CAPITAL ADVISORS
LLC, GARY KATCHER, SCOTT A. STAGG
and MARK FOCHT,

                        Defendants.
------------------------------------------------------------------X
```

**DEFENDANTS SV SPECIAL SITUATIONS FUND, L.P., STAGG CAPITAL GROUP LLC, 3V CAPITAL MANAGEMENT LLC, 3V CAPITAL PARTNERS LP, 3V CAPITAL ADVISORS LLC, AND SCOTT A. STAGG'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**

Defendants SV Special Situations Fund, L.P., Stagg Capital Group LLC, 3V Capital Management LLC, 3V Capital Partners LP, 3V Capital Advisors LLC, and Scott A. Stagg (the "SV Defendants") respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss plaintiff's complaint pursuant to Rules 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and the Private Securities Litigation Reform Act ("PSLRA").

## PRELIMINARY STATEMENT

Plaintiff's opposition to the SV Defendants' motion to dismiss reiterates his inadequate pleadings and fails to address the deficiencies set forth in the SV Defendants' motion to dismiss. Plaintiff continues to lump all of the nine defendants in

this action together and does nothing to differentiate which allegations are asserted against which defendants. He does not make any effort to adequately describe the documents referenced in the complaint. Although he could have annexed the referenced documents to his opposition, he failed to do so. Instead, he provides a magazine article with no evidentiary value as the basis for his claims. (Roffe Aff. in Opp'n,[1] Ex. B.)

The only other exhibit plaintiff relies upon in opposition to the SV Defendants' motion to dismiss is defendant Mark Focht's guilty plea. (Id. at Ex. C.) As established in the SV Defendants' moving papers, this document demonstrates that funds were embezzled from 3V Capital Master Fund Ltd ("3V Master Fund") "without permission or authority." (Def. Mov. Mem. at 6, n.3.) It does nothing to support plaintiff's claim that defendant Scott Stagg ("Stagg") "knew or should have" known about the embezzlement and disclosed it to plaintiff. (Pl. Opp'n at 5.) In fact, the action commenced by SV Special Situations Master Fund ("SV Master Fund") in this Court against defendant Gary Katcher ("Katcher") and his companies, Libertas Partners LLC and Libertas Holdings LLC (collectively "Libertas"), for recovery of those embezzled funds demonstrates not only that the SV Defendants did not benefit from the embezzlement, but that there was no knowledge of the improper transfers for the benefit of Libertas. (Def. Mov. Mem. at 6, n.3.)

Plaintiff has not satisfied the heightened pleading requirements necessary to state securities fraud claims against the SV Defendants, and his complaint should be dismissed.

---

[1] Hereinafter, "Roffe Aff."

2

## ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT IS INSUFFICIENT TO STATE A CLAIM AGAINST THE SV DEFENDANTS

As set forth in the SV Defendants' moving memorandum, plaintiff's complaint <u>inter</u> <u>alia</u>, improperly lumps unrelated defendants together, fails to adequately identify the allegedly controlling documents or attribute them to a specific defendant, and fails to distinguish between separate legal entities. The result is a complaint which is impermissibly vague and confusing, and thus does not state a claim. (*See* Def. Mov. Mem.)

Plaintiff's opposition attempts to clean up some of the factual inaccuracies of his complaint. However, he cannot use his opposition to cure defects in his complaint. *See Wylie v. City of New Haven*, No. 3:02cv313(PCD), 2003 WL 23498386, at *2 (D. Conn. Feb. 27, 2003) ("Memoranda filed in opposition to motions to dismiss are not opportunities to supplement the allegations in the complaint."); *Ludtke v. United States*, 84 F. Supp. 2d 294, 302 n.3 (D. Conn. 1999) ("[A] complaint cannot be cured by a memorandum of law in opposition to a motion to dismiss.").

And even considering plaintiff's opposition, he still does not satisfy the basic pleading requirements of FRCP 8(a), much less the heightened requirements of FRCP 9(b) and the PSLRA. As the SV Defendants established in their moving papers, plaintiff was obligated to provide more than labels, conclusions, and a formulaic recitation of a claim. (Def. Mov. Mem. at 3-4.) He needed to plead the who, what, where, when and how, and provide specifics of his claim. (<u>Id.</u> at 4-5.)

3

Plaintiff has not met this standard. He does not allege which of the nine defendants was involved in preparing or providing the documents referenced in the complaint, induced him to to acquire an interest in defendant SV Special Situations Fund, or participated in a scheme by violating some unspecified and not produced Partnership Agreement and Explanatory Memorandum. He does not specify any statement made by the SV Defendants he relied upon in deciding to invest or connect any statement made by the SV Defendants to any loss he allegedly suffered. Indeed, he does not provide specifics regarding any economic loss. (Id. at 5-11.)

According to plaintiff, his complaint alleges that certain unspecified "disclosures" were misleading because they did not disclose alleged embezzlements by Focht for the benefit of Libertas. (Pl. Opp'n at 2.) There is no indication which documents were allegedly misleading, or who drafted or disseminated those documents, much less any particularized allegations that the SV Defendants had anything to do with the documents or the embezzlements. These are basic allegations necessary to state a securities fraud claim. *See, e.g., Klein v. Autek Corp.*, 147 Fed. Appx. 270, 274, 276 (3d Cir. 2005) ("relying on documents which are undated, unquoted, undescribed, and unattached falls well short of the rigorous pleading burden on a plaintiff in a securities fraud action").

Notably, plaintiff's own papers demonstrate that the SV Defendants did not benefit from any embezzlement. It was Libertas that received the funds and Katcher who sold Libertas for $150 million. (Roffe Aff., Ex. C; Pl. Opp'n at 1-2.) Plaintiff does not dispute that there is currently an action pending in this Court by SV Master Fund for

4

recovery of those funds, clear evidence that the SV Defendants did not benefit from the transactions. (Def. Mov. Mem. at 6, n.3.)

Similarly, the complaint fails to satisfy the PSLRA's scienter pleading requirement, *i.e.,* to allege particularized facts and circumstances that would support the required strong inference that Stagg had a fraudulent intent or knew of specific facts. The complaint's conclusory scienter and group pleading allegations are insufficient to satisfy this burden. (Id. at 7-8.)  In opposition, plaintiff incredibly contends that the PSLRA does not apply because this is not a class action. (Pl. Opp'n at 3.)  In fact, the PSLRA's pleading standards apply to all securities fraud actions under the Securities Exchange Act of 1934, including non-class action securities fraud claims such as this one. See 15 U.S.C. § 78u-4(b) (setting forth pleading standards for "any private action arising under" the Securities Exchange Act of 1934); *Klein v. Autek Corp.*, 147 Fed. Appx. 270, 273-74 (3d Cir. 2005) (rejecting contention that the "rigorous pleading requirements of the PSLRA should be relaxed in this case to the extent that no class action lawsuit is involved" because the statute "plainly states that it applies to '*any* private action'") (emphasis in original). *See also South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98 (2d Cir. 2009) (applying PSLRA pleading standards to non-class action securities fraud action and affirming dismissal for failure to satisfy pleading standards); *ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) (same).

Alternatively, plaintiff asserts that he demonstrated "the state of mind required for scienter" by pleading that "defendants" acted for personal gain. (Pl. Opp'n at 5.) "Defendants" are still impermissibly lumped together. *See Coyne v. General Electric Co.*, No. 08cv1135 (SRU), 2010 WL 2836730, at *10 (D. Conn. July 15, 2010)

5

(Underhill, J.) (noting that the group pleading doctrine likely has not survived the PSLRA because it conflicts with the requirements to plead scienter and plead with particularity). And still plaintiff does not allege how the SV Defendants "benefitted" by Katcher's sale of Libertas. (Pl. Opp'n at 6.) Accordingly, plaintiff's securities fraud claim should be dismissed against the SV Defendants.

## POINT II

### PLAINTIFF'S COMPLAINT FAILS TO STATE A SECTION 20(a) CLAIM AGAINST STAGG

Plaintiff' complaint also utterly fails to satisfy the PSLRA's heightened pleading standards for a claim against Stagg. First, as set forth above, the complaint does not state an underlying violation of the Securities Exchange Act and therefore a Section 20(a) claim cannot be sustained. *See, e.g., Pacific Inv. Mgmt. Co. LLC v. Mayer Brown LLP*, 603 F.3d 144, 160 (2d Cir. 2010) (affirming dismissal of Section 20(a) claim since plaintiff had not stated a claim under 10(b)); *Collier v. Aksys Ltd.*, No. 3:04CV1232(MRK), 2005 WL 1949868, at *17 (D. Conn. Aug. 15, 2005) (dismissing Section 20(a) claim because plaintiff could not plead primary violation under Section 10(b) and Rule 10b-5 of the Exchange Act).

Second, the complaint fails to provide factual support for plaintiff's allegation that Stagg was a "controlling person." Plaintiff contends that Stagg controlled "3V/SV" and Libertas, and was appointed manager of "3V/SV" by some unspecified partnership agreement. (Pl. Opp'n at 8.) This conclusory allegation fails to satisfy plaintiff's burden to plead that Stagg was a controlling person over a primary violator. *Cohen v. Citibank*, N.A., 954 F. Supp. 621, 629 (S.D.N.Y. 1996) (bare allegation about a person's status is insufficient to allege control).

Third, plaintiff fails to provide any detail regarding any participation in any misstatement or omission by Stagg. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 175 (2d Cir. 1998), *citing Shapiro v. Cantor,* 123 F.3d 717, 720 (2d Cir. 1997) ("[A] defendant must actually make a false or misleading statement in order to be held liable under Section 10(b)."). Although plaintiff acknowledges that culpable participation is a necessary element of any control person claim, he does not cite to a single allegation that Stagg was a culpable participant in the alleged fraudulent scheme. (Pl. Opp'n at 8.) Again, Focht's guilty plea relied upon by plaintiff merely states that he alone embezzled money from 3V Master Fund. Plaintiff claims that Stagg "knew or should have known" of the embezzlement. (Pl. Opp'n at 1-2.) This simply is not enough. Brug v. Enstar Group, 755 F. Supp. 1247, 1256 (D. Del. 1991). Therefore, plaintiff's Section 20(a) claim against Stagg should be dismissed.

**POINT III**

**THE COMMON LAW CLAIMS AGAINST THE SV DEFENDANTS
SHOULD BE DISMISSED BECAUSE PLAINTIFF
HAS NOT ALLEGED A FEDERAL SECURITIES CLAIM**

The SV Defendants' moving memorandum demonstrated that this Court may decline to exercise supplemental jurisdiction over plaintiff's common law claims once the federal securities claims are dismissed. (Def. Mov. Mem. at 13.) Plaintiff fails to refute this point or provide any independent basis for exercising jurisdiction over these claims. (*See* Pl. Opp'n.) Accordingly, because the Complaint fails to allege any federal claims, the common law claims against the SV Defendants should also be dismissed.

7

## POINT IV

## **PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND HIS COMPLAINT**

Plaintiff makes a broad-based "request" to "re-plead and file an amended complaint." (Id. at 9.)  He does not provide a proposed amended complaint, nor seek leave to amend.  This is insufficient.  Credit Chequers Info. Servs. Inc. v. CBA, Inc., 2000 WL 232046, at *1 (2d Cir. 2000)(denying motion to amend for failure to provide proposal); McDermott v. New York Metro LLC, 2009 WL 3003204, at *11 (S.D.N.Y. Sept. 16, 2009)(failing to provide proposal warrants dismissal); Brown v. Duncan, 2006 WL 1977469, at *7 (N.D.N.Y. July 11, 2006)(denying leave to amend for failure to provide complete proposed amendment).  Therefore, plaintiff should not be permitted to amend his complaint.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court issue an Order dismissing the claims against the SV Defendants and granting the SV Defendants such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Stagg, Terenzi, Confusione & Wabnik, LLP


By: s/Debra L. Wabnik
    Debra L. Wabnik  (ct-24768)
Attorneys for Defendants
SV Special Situations Fund, L.P., Stagg Capital Group LLC, 3V Capital Management LLC, 3V Capital Partners L.P., 3V Capital Advisors LLC and Scott A. Stagg
Office & P.O Address:
401 Franklin Avenue, Suite 300
Garden City, New York 11530
 (516) 812-4500